**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**HANG LOOSE BANDS LLC,**

      **Plaintiff,**

   **v.**

**SHAKA BANDS LLC,**

      **Defendant.**

**CASE NO. 3:20-cv-1322**

## COMPLAINT

For its Complaint against Defendant Shaka Bands LLC ("Defendant" or "Shaka Bands"), Plaintiff Hang Loose Bands LLC ("Hang Loose Bands"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under federal, state, and common law. Hang Loose Bands brings this action because Defendant is unlawfully marketing, selling, and distributing knock-off stretch bands and bracelets in violation of Hang Loose Bands' trademark rights. Hang Loose Bands seeks to enjoin Defendant's wrongful acts, to recover damages and Defendant's profits (in amounts to be increased), and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2. Plaintiff Hang Loose Bands LLC is a Kentucky limited liability company with a principal place of business at 1204 1st Street, Neptune Beach, Florida 32266.

3. Defendant Shaka Bands LLC is a Florida limited liability company with a principal place of business at 327 10th Street, Atlantic Beach, Florida 32233.

4. Defendant's registered agent is Michael P. Tyson, an individual located at 5150 Belfort Rd., Bldg. 200, Jacksonville, Florida 32256.

## JURISDICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), and under the related law of the state of Florida.

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b), and supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Hang Loose Bands' state law claims because those claims are substantially related to Hang Loose Bands' federal claims under the Lanham Act.

7. This Court has personal jurisdiction over Defendant, and venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c).

Defendant resides and is doing business in this District, and a substantial portion of Defendant's unlawful activities has taken place in this District.

## HANG LOOSE BANDS AND ITS PRODUCTS AND SERVICES

8. Hang Loose Bands manufactures and sells stretch bands, including wristbands, bracelets, knotbands, and ringbands.

9. Hang Loose Bands has enjoyed substantial sales since commencing operations.

10. Hang Loose Bands distributes and sells online through its ecommerce website located at *<hangloosebands.com>*, its Etsy shop, and Amazon.com.

11. Hang Loose Bands distributes and sells in-person through its pop-up shops, including those located at various music festivals and other outdoor festivals and events.

12. Hang Loose Bands distributes its products through in-person retailers.

13. In particular, given its target consumer, intends to distribute its products through surf shops and other in-person retailers located near various surf destinations, including those in and around Jacksonville, Florida.

14. Hang Loose Bands has made a substantial investment in advertising, marketing, and promoting its products in connection with its federally registered and common law trademarks through various media.

15. The Hang Loose Bands products copied by Defendant include the models shown below:



## **HANG LOOSE BANDS' TRADEMARKS**

16. Hang Loose Bands has continuously used HANG LOOSE BANDS as a trade name and trademark since January 28, 2020.

17. Hang Loose Bands has continuously used the following distinctive trademark ("Hang Loose Mark") since January 28, 2020:



18. Hang Loose Bands owns a registration in the United States for its Hang Loose Mark:

| TM/AN/RN/Disclaimer | Full Goods/Services | Status/Key Dates |
|---|---|---|
| Design Only<br><br>RN: 6155188<br>SN: 88696656 | (Int'l Class: 14) Bracelets; Jewelry; Rings | Registered, September 15, 2020<br>Int'l Class: 14<br>First Use: January 28, 2020<br>Filed: November 18, 2019<br>Registered: September 15, 2020 |

(Printouts of the registration certificate and status report from the United States Patent and Trademark Office online database are attached as Exhibit A.)

19. Hang Loose Bands filed its Federal trademark application for the Hang Loose Mark, U.S. Serial No. 88696656, on November 18, 2019 based on intent to use.

20. U.S. Serial No. 88696656 matured to registration on September 15, 2020 as U.S. Registration No. 6155188 and, as a result, Hang Loose Bands' nationwide priority date in the Hang Loose Mark is November 18, 2019, the filing date for U.S. Serial No. 88696656.

21. U.S. Registration No. 6155188 listed above is valid and subsisting. U.S. Registration No. 6155188 constitutes, in all instances, prima facie evidence of the validity of the Hang Loose Mark, Hang Loose Bands' ownership of the Hang Loose Mark, and Hang Loose Bands' exclusive right to use the Hang Loose Mark in connection with the goods recited in this registration.

22. Hang Loose Bands' products bear a distinctive appearance consisting of a stretch band in a bright color or graphic print overlaid in one place with a black square of fabric stitched with the Hang Loose Mark in white.

## **DEFENDANT AND ITS WRONGFUL ACTS**

23. Defendant manufactures and sells stretch bands under the name and mark, SHAKA BANDS.

24. The English translation of "Shaka" is "Hang Loose."

25. Based on information and belief, Shaka Bands commenced its sale of stretch bands on August 24, 2020, well after Hang Loose Bands first used its HANG LOOSE BANDS mark and Hang Loose Mark in connection with its products.

26. Defendant distributes and sells its stretch bands online through its ecommerce website located at <*shakabands.com*>. (A copy of Defendant's online order form and available products are attached as Exhibit B).

27. Defendant distributes its products through in-person retailers.

28. In particular, Defendant distributes its products through surf shops located in and around Jacksonville, Florida.

29. Defendant promotes its stretch bands on its website, Instagram, and Facebook. (Representative printouts from Defendant's website and social media accounts are attached as Exhibit C).

30. Defendant uses the hand symbol shown below in its promotions and on its products:



31. Defendant's stretch bands are manufactured with a color or graphic print overlaid in one place with a black square of fabric stitched with the hand symbol in a light grey color that appears white from distance.

32. Over one month ago, Hang Loose Bands learned that Defendant was marketing, selling, and distributing knock-off products that mimic Hang Loose Bands' genuine wristbands and bear a hand symbol confusingly similar to the Hang Loose Mark overlaid in one place with a black square of fabric stitched with the hand symbol in in a light grey color that appears white from distance.

33. Further, Defendant's name, Shaka Bands, has a meaning that is identical to Hang Loose Bands.

34. On October 5, 2020, counsel for Hang Loose Bands sent Defendant a cease-and-desist letter demanding that it stop manufacturing, distributing, advertising, and selling the knock-off products; provide a full accounting of its sales and remaining inventory of the infringing products; deliver-up the infringing products for destruction; execute a declaration that the items delivered-up constitute the remaining inventory; and disgorge and pay to Hang Loose Bands the entirety of the revenue generated from the sale of the infringing products. (A copy of the letter is attached as Exhibit D.)

35. Neither Defendant nor Defendant's counsel has responded to the letter described above.

36. Defendant is not now, and never has been, authorized or licensed by Hang Loose Bands to engage in any of the complained-of-activities.

37. The actions of Defendant described above have at all times been willful and/or knowing.

38. Without limiting the generality of the foregoing, Defendant has continued the promotion and sale of its knock-off products after receiving Hang Loose Bands' cease-and-desist letter.

## **INJURY TO HANG LOOSE BANDS AND THE PUBLIC**

39. Defendant's actions are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's infringing products, and are likely to falsely suggest a sponsorship, connection, license, or association between Defendant and/or its products with Hang Loose Bands, thereby injuring Hang Loose Bands and the public.

40. Defendant's activities have caused, and unless enjoined will continue to cause, irreparable harm to Hang Loose Bands and its trademarks, as described above.

41. Defendant's activities have caused, and unless enjoined will continue to cause, irreparable harm to both Hang Loose Bands and consumers, who have an interest in being free from confusion, mistake, and deception.

42. Hang Loose Bands has suffered actual damages to be proven at trial.

43. Hang Loose Bands has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF:
## Federal Trademark Infringement Under
## Section 32(1) of The Lanham Act, 15 U.S.C. § 1114(1)

44. Hang Loose Bands repeats and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint.

45. Defendant uses in commerce reproductions, copies, and colorable imitations of Hang Loose Bands' registered trademarks (described above) in connection with the sale, offering for sale, distribution, and advertising of goods, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF:
## Federal Trademark Infringement, False
## Designation Of Origin, Passing Off, and Unfair Competition
## Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

46. Hang Loose Bands repeats and realleges each and every allegation set forth in paragraphs 1 through 43 and 45 of this Complaint.

47. Defendant uses in commerce a word, term, name, and false designation of origin that, in connection with its commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Hang Loose Bands, or as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with Hang Loose Bands, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF:
## Unfair Competition and False Advertising Under
## Florida's Deceptive and Unfair Practices Act, Fla. Stat. §§ 501.201, *et seq.*

48. Hang Loose Bands repeats and realleges each and every allegation set forth in paragraphs 1 through 43, 45, and 47 of this Complaint.

49. In connection with the sale and distribution of the infringing products, Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of Section 501.201 et. seq. of the Fla. Stat.

## FOURTH CLAIM FOR RELIEF:
## Common Law Trademark Infringement and Unfair Competition

50. Hang Loose Bands repeats and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint.

51. Defendant's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with HANG LOOSE BANDS and Hang Loose Mark trademarks, and constitute unfair competition in violation of Florida common law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Hang Loose Bands requests that this Court enter judgment in its favor on each any every claim for relief set forth above and award it relief including, but not limited to, the following:

a) An Order holding that Defendant's actions described above infringe Hang Loose Bands' HANG LOOSE BANDS mark and Hang Loose Mark, and that Defendant's actions constitute federal and state trademark infringement and unfair competition as detailed above.

b) An Order preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

> (i) From using SHAKA BANDS, the hand symbol, or any other trademarks, trade names, trade dress, logos, and other names or identifiers that are confusingly similar to the HANG LOOSE BANDS mark or Hang Loose Mark, in any manner or form, with any products or services.
>
> (ii) From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any product or service offered by Defendant, or any activities undertaken by Defendant, are sponsored or approved by, or are associated, affiliated, or connected with Hang Loose Bands in any way.

c) An Order requiring Defendant to deliver up for destruction all products containing infringing marks, including but not limited to all product and packaging in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives.

d) An Order requiring Defendant to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques,

and any other materials containing infringing marks in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives.

  e) An Order directing Defendant to disclose the name(s) and address(es) of the manufacturer of the infringing product and all other sources of the infringing product.

  f) An Order directing Defendant to disclose all retailers and/or resellers to whom Defendant distributed or sold the infringing product.

  g) An Order directing Defendant to file with this Court and serve on Hang Loose Bands' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this injunction.

  h) An Order requiring Defendant to account for and pay to Hang Loose Bands any and all profits arising from Defendant's unlawful acts and that such profits be increased in accordance with 15 U.S.C. § 1117 and other applicable laws.

  i) An Order requiring Defendant to pay Hang Loose Bands damages in an amount to be determined, caused by Defendant's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws.

j) An Order requiring Defendant to pay Hang Loose Bands punitive damages in an amount to be determined due to the foregoing willful acts of Defendant.

k) An Order requiring Defendant to pay Hang Loose Bands its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

l) Any such other relief as the Court may deem appropriate.

Dated: November 20, 2020           SMITH HULSEY & BUSEY

By /s/ *John R. Thomas*
    Stephen D. Busey
    John R. Thomas

Florida Bar No. 117790
Florida Bar No. 77107
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jthomas@smithhulsey.com

-and-

Drew M. Hicks (*pro hac vice forthcoming*)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
dhicks@kmklaw.com

*Attorneys for Plaintiff,*
  *Hang Loose Bands LLC*